[Cite as *State v. Dean*, 2014-Ohio-2171.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2013CA00198 |
| BRADFORD DEAN | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Stark County Court of
Common Pleas, Case No. 2013CR0395

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: May 19, 2014

APPEARANCES:

For Plaintiff-Appellee                           For Defendant-Appellant

JOHN D. FERRERO                           FREDRICK PITINII
Prosecuting Attorney                           101 Central Plaza South, Ste. 1000
Stark County, Ohio                           Canton, Ohio 44702

By: KATHLEEN O. TATARSKY
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

*Hoffman, P.J.*

{¶1}   Defendant-appellant Bradford Dean appeals his sentence on one count of sexual battery entered by the Stark County Court of Common Pleas.   Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE

{¶2}   On April 25, 2013, Appellant was indicted on one count of sexual battery, a felony of the third degree.  Prior to the commencement of trial, the trial court agreed to a plea deal including a two year sentence of incarceration.  The offer was memorialized on the record at a hearing before the trial court on July 5, 2013.  Appellant indicated to the trial court he understood the potential prison term for sexual battery as a one, two, three, four or five year prison sentence with the potential of a Tier III sex offender designation.  The trial court stated on the record she was in no way indicating what her sentence might be once she heard the facts of the case, but he certainly had the right to a jury trial.  Appellant rejected the plea offer.

{¶3}   The matter proceeded to a jury trial on July 8, 2013.  The jury trial ended in a mistrial after the jury was unable to reach a verdict.

{¶4}   Prior to the commencement of a second trial, the State entered into plea negotiations with Appellant.  During plea negotiations, the State offered to amend the charge of sexual battery to a third degree felony of gross sexual imposition.  The State would then recommend a sentence of six months, and a Tier I sexual offender classification. The trial court did not endorse the plea offer.

**{¶5}** Appellant again rejected the State's plea bargain. The trial court inquired of Appellant if he understood the offer and the maximum penalty for sexual battery, to which Appellant indicated he did understand the charges and potential penalties.

**{¶6}** A second jury trial commenced on September 11, 2013, with essentially the same evidence as the first trial. Appellant was convicted of the sole count of sexual battery. Following a sentencing hearing, the trial court sentenced Appellant to the maximum prison term of five years incarceration.

**{¶7}** Appellant appeals, assigning as error:

**{¶8}** "I. THE TRIAL COURT DENIED THE APPELLANT DUE PROCESS WHEN IT IMPOSED A SENTENCE PUNISHING HIM FOR EXERCISING HIS RIGHT TO A JURY TRIAL.

**{¶9}** "II. THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT TO THE MAXIMUM PRISON TERM."

I.

**{¶10}** Appellant maintains the trial court imposed a sentence punishing him for exercising his right to a jury trial.

**{¶11}** A trial court may not punish a defendant who exercises his or her right to a trial. *State v. O'Dell* (1989), 45 Ohio St.3d 140. A trial court must avoid creating the appearance it enhanced a defendant's sentence because he elected to go to trial. *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962. Impropriety will not be presumed by the mere fact the sentence imposed after trial is greater than the sentence offered by the state at plea negotiations. *State v. Mayles,* 7th Dist. No. 04CA808, 2005-Ohio-1346.

**{¶12}** At sentencing herein, the trial court stated:

**{¶13}** "I. THE COURT: Very well. The Court has sat through the trial twice. I'm going to say preliminarily for purposes of the record based upon recent court of appeals decisions that although I sat through those trials and I am aware of what the plea negotiations were in advance of trial that the Court's sentence in this matter is in no way reflective of a punishment of the Defendant because he elected to go to trial. That is not what this is about.

**{¶14}** "The Court's sentence is based upon the evidence and the facts that were presented at trial. What I observed in terms of witnesses, also based upon the Defendant's criminal history in this matter, and the Court takes note that Mr. Dean has abused his position and role with a child, one of the most precious things that as a parent or a community that we are entrusted with to protect and to keep safe.

**{¶15}** "And it's reprehensible to the Court that you would abuse this position where parents and children have trusted you with that. And for that reason, it will be the sentence of this Court that you serve five years in an appropriate state correctional facility."

**{¶16}** Tr. at 78-79.

**{¶17}** Upon review, we find the trial court articulated its rationale for the five year sentence. The trial court did not endorse the State's second offer following the first trial. The court's first endorsed offer occurred prior to hearing the witnesses and evidence presented at the first trial. The trial court had discretion to impose a greater sentence after hearing the testimony and evidence. Accordingly, we find the trial court did not punish Appellant for exercising his right to a jury trial.

**{¶18}** The first assignment of error is overruled.

II.

**{¶19}** In the second assignment of error, Appellant argues the trial court erred in sentencing him to the maximum prison sentence herein.

**{¶20}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the Ohio Supreme Court reviewed its decision in *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470, as it relates to the remaining sentencing statutes and appellate review of felony sentencing. The Court stated that, in *Foster,* the Ohio Supreme Court severed the judicial fact-finding portions of R.C. 2929.14 holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. *Kalish,* 120 Ohio St.3d at 123. "Thus a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2) ." *Id.* However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and R.C. 2929.12 and the trial court must still consider these statutes. *Id.* Accordingly, "an appellate court remains precluded from using an abuse-of-discretion standard of review when initially reviewing a defendant's sentence" and must instead "ensure that the trial court has adhered to all applicable rules and statutes in imposing the sentence. As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.*

**{¶21}** When reviewing a felony sentence, an appellate court must first review the sentence to ensure the sentencing court clearly and convincingly complied with the applicable laws. *Id.* A trial court's sentence would be contrary to law if, for example, it

were outside the statutory range, in contravention to a statute, or decided pursuant to an unconstitutional statute. *Id.* In *Kalish,* the Supreme Court held the trial court's decision was not contrary to law when the trial court expressly stated it considered the purposes and principles of R.C. 2929.11, the factors listed in R.C. 2929.12, properly applied post-release control, and the sentence was within the permissible range. *Kalish* at ¶ 18.

**{¶22}** If this inquiry is satisfied, an appellate court then reviews the trial court's sentencing decision for abuse of discretion. *Id.* In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶23}** Here, Appellant's sentence is within the statutory range for a third degree felony. We find the trial court did not abuse its discretion in sentencing Appellant to the maximum prison term based upon his criminal history and the facts demonstrated in the record.

**{¶24}** The second assignment of error is overruled.

**{¶25}** Appellant's sentence in the Stark County Court of Common Pleas is affirmed.

By: Hoffman, P.J.

Wise, J.  and

Baldwin, J. concur